Date signed January 23, 2014



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| SEAN ANTHONY SCHERER | : | Case No. 13-16565PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| KIMBERLY A. MUELLER | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 13-0416PM |
| | : | |
| SEAN ANTHONY SCHERER | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

MEMORANDUM OF DECISION

This adversary proceeding came before the court for trial on Plaintiff's Complaint alleging that her claim of $51,431.00, arising out a Voluntary Separation and Property Settlement Agreement ("PSA") between the parties dated April 2, 2007, and incorporated in the Divorce Decree of June 27, 2007, should be excepted from Debtor's discharge pursuant to § 523(a)(15) of the Bankruptcy Code that provides:

> **11 U.S.C. § 523. Exceptions to discharge**
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation

>agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

In the PSA the parties agreed that the Debtor had an equity interest in the marital home of $61,281.00. Under paragraphs 2.2 and 2.3 of the PSA the Debtor was to have exclusive use and occupancy of the property beginning February 4, 2007, for three years from the date of execution of the PSA or settlement of Husband's purchase of Wife's equity interest in the home. The PSA provided that the purchase was to take place within three years of the execution of the PSA or the home was to be sold. Under paragraph 2.5 of the PSA, the Debtor was solely responsible for payment of monthly mortgage payments, including principal and interest, taxes and insurance. Debtor has failed to make payments, and there is a pending foreclosure of the home, now occupied by the Debtor and his new spouse.

>Paragraph 2.6 of the PSA states:
>
>>2.6 In the event Husband fails to conclude settlement on the equity buyout as provided for herein, then the Marital Home shall be sold and Wife's interest in the proceeds of sale shall be limited to $61,281.00 after reduction of the sum of $9,850.00 for Wife's obligations pursuant to paragraphs 7.4 and 7.6 of this Agreement. In such event, the Marital Home shall be listed for sale by a mutually agreed upon broker, and the net proceeds of the sale shall be paid solely to Husband. The net proceeds of sale shall mean such sum as remains after deducting from the gross sales price (1) any outstanding liens and encumbrances, including the principal, accrued interest, and any prepayment penalty due on the mortgage; (2) any broker's commissions and/or attorney's fees incurred in connection with the sale; (3) all expenses of the sale and closing costs; and (4) payment to Wife in the amount of $61,281.00 for her equity interest in the Marital Home, less the sum of $9,850.00 for her obligations pursuant to paragraphs 7.4 and 7.6 of this Agreement. Any mortgage escrow refund shall be the sole and separate property of Husband.

The court can infer that while the parties were negotiating the PSA, providing for Debtor's exclusive occupancy of the property on February 4, 2007, they entered into the refinance of the subject property and agreed at the time that there was sufficient equity to pay out the Plaintiff's claim. The PSA did not take into consideration the widespread decline in real estate values that resulted in the present situation. Finally, in paragraphs 7.4 and 7.6 of the PSA that provided for credits against the equity payment by the Debtor, the Plaintiff acknowledged that the Debtor was entitled to a set-off "against his obligation to purchase Wife's equity interest in the Marital Home . . ."

The court finds, as stated above, that at the time the parties entered into the PSA, there was an equity in the property. Under 7.6, were the property value to have increased, everything above the 7.6 obligations would be paid to the Debtor. The court further finds that the obligation to buy the Plaintiff's interest did not depend upon the existence of equity in the subject property. Plaintiff's claim is based upon Debtor's obligation to pay her equity that existed in the property at the time the parties entered into the PSA.

An appropriate order will be entered.

cc:
Richard M. McGill, Esq., PO Box 358, Upper Marlboro, MD 20773
Kimberly A. Mueller, 1520 Trumpeter Swan Lane, Huntingtown, MD 20639
Sean A. Scherer, 3820 Carson Court, Huntingtown, MD 20639
Roger Schlossberg, Trustee, P.O. Box 4227, Hagerstown, MD 21741

**End of Memorandum**